UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLOTTE HUDSON                                                             PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:08cv90 DPJ-JCS

LEAKE COUNTY SCHOOL DISTRICT, ET AL.                                DEFENDANTS

ORDER

This employment dispute is before the Court on Defendants Leake County School District, Melanie Hartley, Paul Chamblee, Bulas Leflore, Jr., Bill King, Debra Peyton, and Randolph Trippe's motion to dismiss pursuant to Rule 12(b)(6) [21] and Defendants Hartley, Chamblee, Leflore, Jr., King, Peyton, and Trippe's (collectively the "Individual Defendants") motion to dismiss based on the qualified immunity doctrine [23]. The Court, having considered the parties' submissions and relevant authorities, finds that Defendants' Rule 12(b)(6) motion to dismiss should be granted in part and denied in part. The Individual Defendants' motion is granted.

## I.     Facts and Procedural History

Plaintiff Charlotte Hudson, an African-American female, is a special education teacher at Carthage Elementary School in the Leake County School District ("LCSD"). At the end of the 2006-2007 school year, Plaintiff applied for the vacant position of Special Education Supervisor with LCSD. Plaintiff was not offered the position. Defendant Melanie Hartley, Superintendent of LCSD, initially offered the position to Thomas G. Beard, a white male, but the school board did not approve his hiring. Defendant Hartley then recommended Vickie Doty, a white female, whom the school board approved. Plaintiff contends that neither candidate was qualified for the position.

On July 30, 2007, Plaintiff filed a charge of discrimination with the EEOC, contending that she was not offered the Special Education Supervisor position because of her race and gender. She notified LCSD of her intent to sue in December 2007 and filed the current action in February 2008. In the complaint, Plaintiff alleges twelve separate counts against the Defendants. All Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Individual Defendants seek dismissal based on the qualified immunity doctrine.

**II.     Analysis**

   A.     Rule 12(b)(6) Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (employing same standard). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of

minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted).[1]

      B.      Defendants' Rule 12(b)(6) Motion to Dismiss[2]

           1.      *Section 1983 Claims*

Plaintiff alleges several theories for relief pursuant to 42 U.S.C § 1983, including substantive due process, procedural due process, and first amendment retaliation. The Civil Rights Act of 1871, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by state actors. *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003). A plaintiff must support her § 1983 claim with specific facts demonstrating a deprivation of constitutional rights and may not rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

Municipalities are subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipal liability under § 1983 requires proof of 1) a policymaker; 2) an official policy;

---

[1] Plaintiff relies heavily on the standard derived from *Conley v. Gibson*, 355 U.S. 41 (1957). However, *Twombly* abrogated *Conley* holding that its formulation "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 127 S. Ct. at 1960; *see also In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (observing that *Twombly* abrogated the *Conley* rule).

[2] Although the complaint alleges twelve separate counts against Defendants, several counts restate previous theories and there is some ambiguity as to the causes of action. Nevertheless, the Court addresses the claims as characterized in the parties' submissions.

3

and 3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). Municipalities cannot be held liable under a respondeat superior theory. *See Milam v. City of San Antonio*, 113 F. App'x 622, 625 (5th. Cir. 2004).

a. Substantive and Procedural Due Process Claims

Plaintiff alleges that Defendants deprived her of property interests in violation of her procedural and substantive due process rights. "To determine whether either procedural or substantive due process safeguards apply, [the court] must examine the interest at stake to determine whether it falls within the Fourteenth Amendment's protections." *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344 (5th Cir. 2006). To succeed with a claim based on substantive due process in the public employment context, the plaintiff must first show "that he had a property interest/right in his employment." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993); *see State of Tex. ex. rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 818 (5th Cir. 1998) (noting that the Court does not consider whether the defendant's actions were arbitrary or capricious unless the plaintiff has a protected property interest). Procedural due process claims likewise require a threshold showing that the plaintiff had a property interest that is entitled to procedural due process protection. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

In this case, Plaintiff claims that she "has a protected property interest in, and to, the economic and non-economic benefits to which she was entitled pursuant to the administrative position denied to her." Plaintiff's Memo. Supporting Response [33] at 12. She also claims a "legitimate expectation of entitlement to the positions applied for" and a "legitimate expectation

4

and entitlement that the LCSD <u>and its officials</u> would comply with the rules and regulations of the Mississippi State Department of Education." *Id.* However, Plaintiff had not yet acquired these property interests.

The Fourteenth Amendment safeguards "interests that a person has already acquired in specific benefits." *Whiting,* 451 F.3d at 344 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972)). Thus, a party claiming a constitutional deprivation must show "a legitimate claim of entitlement to" the benefit rather than "unilateral expectation" or "abstract need or desire" for it. *Roth*, 408 U.S. at 577. A protected property interest in employment could exist, for example, where a public entity has in some way conferred "the existence of a property interest by abrogating its right to terminate an employee without cause." *Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003) (citations omitted).

Whether such an interest exists must be determined under state law or contract because the Constitution does not create property rights. *Roth*, 408 U.S. at 577. In this instance, school teachers must be approved by the school board before entering contracts. Miss. Code Ann. § 37-9-23 (2007). Prior to approval for the position, the teacher has no expectation of employment and, therefore, no property interest. *Watson v. N. Panola Sch. Dist.*, 188 F. App'x 291, 294-95 (5th Cir. 2006) (affirming summary judgment and holding that oral offer employment by school principal created no property interest thereby precluding § 1983 claim); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").

Although Plaintiff repeatedly argues that she held a property interest in the Special Education Supervisor position, she failed to support that contention with any legal authority and

5

further failed to directly address the Defendants' memorandum on this point. The Court finds that Defendants are correct; Plaintiff never acquired a property right in the position. *See Davison v. Plano Indep. Sch. Dist.*, No. 4:08-cv-247, 2008 WL 5169115, at *4 (E.D. Tex. Dec. 8, 2008) (finding teacher's claimed entitlement to a promotion is not a protected property interest). Accordingly, Plaintiff's substantive and procedural due process claims must be dismissed. *See Decker v. Univ. of Houston*, 159 F.3d 1355, 1998 WL 698920, at *6 (5th Cir. 1998) (unpublished table decision). [3]

### b. First Amendment Retaliation

Plaintiff claims in Count IV of her Complaint that Defendants retaliated against her for exercising her First Amendment free speech rights after the hiring decision. "In order for a public employee to prevail on a First Amendment retaliation claim, she must prove that (1) she suffered an adverse employment decision; (2) she was engaged in protected activity; and (3) the requisite causal relationship between the two exists." *Jordan v. Ector County*, 516 F.3d 290, 295 (5th Cir. 2008). Although it is not clear Plaintiff actually suffered an adverse employment action related to speech, *see* §IIB.4.b. *infra*, she nevertheless fails to adequately plead her claim.

Plaintiff's First Amendment claim is actually tacked onto the end of what appears to be a due process claim under § 1983. *See* Complaint Count IV. That aside, the Court agrees with Defendants that the allegations are conclusory and fail to sufficiently plead the necessary elements of such a claim. The most Plaintiff says in her Complaint is that "as result of Plaintiff Hudson questioning the selection process she has been subjected to retaliation and reprisal in

---

[3] Defendants raise other meritorious arguments for dismissing Plaintiff's § 1983 claims for which Plaintiff either offered no direct response or a legally insufficient response. Given the lack of a property interest, this Court will not specifically address those other arguments.

violation of Federal law." Complaint ¶ 36. These bare assertions fail to offer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (confirming dismissal of retaliation claim for failure to sufficiently plead basis for relief).

In *Rios v. City of Del Rio, Texas*, the Fifth Circuit reversed a trial court's order denying motions to dismiss filed by several defendants and noted that "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." 444 F.3d 417, 421 (5th Cir. 2006) (citing 2A Moore's Federal Practice ¶ 12.07 [2.-5] at 12-91). The court further noted that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quotation and citation omitted). Significantly, the court reversed decisions to deny dismissal because the complaint failed to allege sufficient facts as to material issues. *Id*. at 427 (reversing failure to dismiss claim of supervisory liability where complaint did not allege facts showing a pattern of prior incidents as would be necessary to establish such liability). In the present case, Plaintiff's minimal assertions are likewise insufficient.[4]

Defendants also insist that Plaintiff's actions, assuming they were as alleged in the

---

[4]For example, Plaintiff's Complaint never mentions the capacity in which she complained, to whom she complained, or whether it was a matter of public concern. Similarly, the Complaint makes no reference to a policy-maker or a custom or policy that was the driving force behind the alleged retaliation. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 128 (1988) (holding that "city cannot be held liable under § 1983 [for First Amendment retaliation] unless respondent proved the existence of an unconstitutional municipal policy"); *see also Jumonville v. City of Kenner*, No. 06-4022, 2008 WL 1805434, at *1 (E.D. La. April 18, 2008) (dismissing § 1983 First Amendment retaliation claim for failure to plead custom or policy); *Hill v. Silsbee Indep. Sch. Dist*., 933 F. Supp. 616, 623 (E.D. Tex. 1996) (dismissing § 1983 claim for want of "official policy or custom of retaliating against its employees for exercising their First Amendment freedom of speech right").

Complaint, fail to demonstrate that the speech was protected because it did not relate to a matter of public concern. The test for determining what constitutes protected speech has not been fully explored in this circuit following the Supreme Court's ruling in *Garcetti v. Ceballos*, 547 U.S. 410, 126 (2006) (discussing role of speaker at time of speech). Nevertheless, in a recent unpublished opinion, the Fifth Circuit Court of Appeals stated the test as follows:

> (1) whether the employee's speech is pursuant to his/her official duties; (2) if not, whether the speech is on a matter of public concern; and (3) if on a matter of public concern, whether the employee's interest in expressing such a concern outweighs the employer's interest in promoting the efficiency of the public services it performs through its employees.

*Cutrer v. McMillan*, No. 08-60702, 2009 WL 221254, at *3 (5th Cir. Jan. 30, 2009) (citing *Davis v. McKinney*, 518 F.3d at 312).[5]

In the present case, the only speech Plaintiff identified in her Complaint "is the questioning of the selection process." Complaint ¶ 36. Exhibit "B" to her Complaint, which she has relied upon in response to this motion, clarifies that she was harassed after she "complained about being overlooked for the position . . . ." The Complaint and exhibits thereto demonstrate

---

[5]Historically, the Fifth Circuit employed two tests, sometimes in conjunction with each other, to determine if speech is of public concern. *Stotter v. Univ of Tex. of San Antonio*, 508 F.3d 812, 825 (5th Cir. 2007). The first test asks "whether an employee's speech addresses a matter of public concern determined by the content, form, and context of a given statement, as revealed by the whole court record." *Kennedy v. Tangipahoa Library Bd. of Control*, 224 F.3d 359, 366 (5th Cir. 2000). Under the second test, a municipal employee's speech is not protected when speaking "as an employee upon matters only of personal interest." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 563-64 (5th Cir. 2003) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)). "*Garcetti* changed this analysis in ways not yet fully determined." *Davis*, 518 F.3d at 311. Nevertheless, *Garcetti* addressed "whether the First Amendment protects a government employee from discipline based on speech made pursuant to the employee's official duties." 547 U.S. at 413. The context of *Garcetti* does not suggest that it would overrule the approach traditionally applied in this circuit related to matters of personal interest, and it appears that the Fifth Circuit continues to apply that test. *See, e.g.*, *Cutrer*, 2009 WL 221254, at *3.

8

that the speech related to Plaintiff's personal concern for having been "overlooked for the position." Complaint Exh. "B." In *Cutrer*, a group of plaintiffs brought a class action EEOC charge of age based discrimination. 2009 WL 221254, at *3. Although the EEOC complaint fell outside the plaintiff's official duties, *id*., the court affirmed dismissal holding that even a class complaint filed with the EEOC "implicates only the private employment interests of the plaintiff and is not conduct that constitutes speech on a matter of public concern." *Id*. at *2 (citing *Short v. City of West Point, Miss*., 1997 WL 575048, at *1 (5th Cir. 1997)).[6]

Essentially the same result occurred in *Ayoub v. Texas A & M University*, where the plaintiff filed an EEOC charge alleging racially based pay disparity. 927 F.2d 834, 837 (5th Cir. 1991). The Fifth Circuit affirmed dismissal, holding:

> Because almost anything that occurs within a public agency could be of concern to the public, we do not focus on the inherent interest or importance of the matters discussed by the employee. Rather, our task is to decide whether the speech at issue in a particular case was made primarily in the plaintiff's role as a citizen or primarily in his role as employee. In making this determination, the mere fact that the topic of the employee's speech was one in which the public might or would have had a great interest is of little moment.

*Id*. (citation and quotations omitted) (cited in *Cutrer*, 2009 WL 221254, at *3).

Assuming the facts are as Plaintiff alleges, the Complaint fails to even aver that her questioning regarding being "overlooked" occurred in her capacity as a citizen or that it related to anything other than a "a purely personal and private matter." *Cutrer*, 2009 WL 221254, at *3 (citation omitted); *see Ayoub*, 927 F.2d at 837 (holding that EEOC complaint was not matter of public concern). Plaintiff has offered no contrary authority. The Court need not proceed to

---

[6]Neither the Complaint nor any of its exhibits reference retaliation for the EEOC Charge of Discrimination, and there is no indication from the Complaint or its exhibits that the harassment occurred after the Charge of Discrimination or as a result of it.

9

weigh the prospective interests and finds that Plaintiff's First Amendment retaliation claim is due to be dismissed.[7]

c. Equal Protection

Although Defendants move for dismissal, it does not appear that Plaintiff intended an equal protection claim. The words "equal protection" do not appear in the Complaint, and it seems unlikely that a complaint drafted by counsel would intend an equal protection claim without actually using the words "equal protection." Similarly, her response to the pending motion [30] and her supporting memorandum [33] make no reference to the equal protection clause. This all suggests that no such claim was intended. If it was, then the Complaint is inadequate under Rule 8(a), and Plaintiff waived the claim by failing to respond to Defendants' apparently meritorious arguments.

2. *Section 1981 Claim*

Count II of Plaintiff's Complaint includes a claim against Defendant LCSD under 42 U.S.C. § 1981. In general terms, § 1981 ensures that all persons in the United States shall have the same right to make and enforce contracts "as is enjoyed by white citizens." As applied to state actors, the United States Supreme Court has held

---

[7]Although not cited by Plaintiff in her response, there are cases where employees aired public complaints that their public employers had racial discriminated against them and others within a protected class. *See Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008) (noting that such complaints involve matters of public concern). Even if Plaintiff had cited such authority, her case is more like *Ayoub* and *Cutrer* first because Plaintiff's Complaint states that her questions related to her own hiring decision. Moreover, the Complaint never avers that she complained from a racial standpoint. Although Plaintiff now challenges the decision on racial grounds, the Complaint merely avers that she "complained about being overlooked." Complaint Exh. "B." The Complaint fails to state whether she raised any racial concerns prior to the alleged harassment.

> that the express "action at law" provided by § 1983 for the "deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws," provides
> the exclusive federal damages remedy for the violation of the rights guaranteed by
> § 1981 when the claim is pressed against a state actor. Thus to prevail on his
> claim for damages against the school district, petitioner must show that the
> violation of his "right to make contracts" protected by § 1981 was caused by a
> custom or policy within the meaning of *Monell* and subsequent cases.

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989). Defendants argue that the holding in *Jett* precludes Plaintiff's § 1981 claim. Plaintiff never responded to this argument, and failed to address her § 1981 claim in response to Defendants' motion. The claim is due to be dismissed. *See Meyers v. La Porte Indep. Sch. Dist.*, 277 F. App'x 333, 335 (5th Cir. 2007) (affirming summary judgment because plaintiff failed to show an actual contractual relationship and because she "brought her § 1981 claim independently of her § 1983 claim").

### 3. *Section 1985 and 1986 Claims*

Count V of Plaintiff's Complaint raises claims under 42 U.S.C. §§ 1985 and 1986. To state a claim under § 1985, a plaintiff must allege that:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of the laws, or of
> equal privileges and immunities under the laws, and (3) one or more of the
> conspirators committed some act in furtherance of the conspiracy; whereby (4)
> another person is injured in his person or property or deprived of having and
> exercising any right or privilege of a citizen of the United States; and (5) the
> action of the conspirators is motivated by a racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (citing *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989)). Section 1986 imposes liability on persons with knowledge of a §1985 conspiracy who neglect or refuse to prevent the conspiracy. In order to allege a § 1986 claim, Plaintiff must first successfully allege a § 1985 claim. *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998).

Plaintiff contends that the white members of the school board "engaged in acts of wilfully, intentionally, and maliciously violating Plaintiff Hudson's right[s]" in the hiring process. Complaint ¶ 38. Her claim is foreclosed by *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) in which the Fifth Circuit followed other courts in holding that "a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for the purposes of § 1985(3)." Plaintiff likewise failed to substantively respond to this portion of Defendants' motion, and the Court concludes that Plaintiff has failed to state a claim under §§ 1985 and 1986.

    4.    *Title VII Claims*

        a.    Failure to Hire/Promote

Plaintiff alleges that LCSD's failure to promote her to the Special Education Supervisor position violated Title VII. Specifically, she alleges that she was discriminated against on account of her race and gender. To establish discrimination under Title VII based on the failure to hire/promote, a plaintiff must show that: "(1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position she sought was filled by someone outside the protected class." *Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 296 (5th Cir. 2001) (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)). A plaintiff may also satisfy the fourth prong by establishing that the employer continued to seek other applicants. *Browning v. Sw. Research Inst.*, 288 F. App'x 170, 175 (5th Cir. 2008).

Plaintiff has stated plausible claims for discrimination based on both her race and gender. An African-American female, Plaintiff is a member of a protected class. She alleges that she met all the requirements for the Special Education Supervisor position, including "prior

administrative experience, a master's degree, standard career level certification issued by the Mississippi Department of Education (MDE), a valid Mississippi license plus administrative endorsement and at least five (5) years" experience as a special education teacher. Complaint ¶ 20. Plaintiff was not promoted for the position. Although Hartley initially recommended a white male for the position, the school board rejected the candidate, ultimately hiring a white female. Accordingly, Plaintiff has stated plausible claims for discrimination based on race and gender under Title VII.

b. Retaliation

Plaintiff claims that "as [a] result of [her] questioning the selection process she has been subjected to retaliation." Complaint ¶ 36. To state a claim for retaliation under Title VII, Plaintiff must show: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the employment action. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). An adverse employment action is an action that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff generally alleges that she "was retaliated against for having raised issue over the hiring practices and selection by the LCSD for this position." Complaint ¶ 15. Standing alone, this threadbare assertion would not survive Defendant's motion under the standard adopted in *Twombly*. However, Plaintiff's Complaint incorporates a notice letter from counsel indicating that Plaintiff was subject to "ongoing harassment" after being overlooked for the position.

13

Complaint at Exh. "B." She also claims to have been falsely accused of threatening a co-worker and that someone placed a job announcement in her box for a position in a different district. *Id.*[8]

It is not clear that Plaintiff's Title VII retaliation claim would survive a motion under Rule 56(c). Moreover, to the extent the claim is based on conduct prior to her EEOC charge of discrimination, such conduct was not claimed in that charge. Still, viewing these facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently stated a plausible claim of retaliation under Title VII to survive a motion to dismiss.

        5.      *State Law Claims*

Defendants also seek dismissal of any state law claims, but observe that not one of the twelve counts of the Complaint allege any specific state law claims. Plaintiff's response is of little help, stating that she "set forth in her Complaint legitimate claims to pursue and she should be allowed to do so." Plaintiff's Memo. Supporting Response [33] at 14. Her response does not, however, reference any of the counts of her Complaint as actually stating a state law cause of action and does not specifically name any cognizable state law causes of action.

The Court's own review of the Complaint reveals only two counts that could reflect an effort to assert state law claims. First, Count VI of the Complaint states that Defendants' actions "constituted an intentional interference with [a] protected property interest." However, "protected property" harkens Constitutional concepts, and Plaintiff uses this same "intentional interference" phrase in her response when arguing her due process claim. Plaintiff's Memo.

---

[8]Plaintiff also argues in response to Defendants' motion to dismiss, that she was "denied another position that she applied for . . . because she had previously filed a charge of discrimination." Plaintiff's Memo. Supporting Response [33] at 11. This allegation does not appear in the Complaint nor in the exhibits attached thereto (*i.e.*, her EEOC charge of discrimination and the MTCA notice letter).

Supporting Response [33] at 12. Count VI also seeks damages not available in tort, all of which suggests that this count is not based on state law. If, however, Plaintiff intended to pursue a state law claim in this count of the Complaint, then it is not sufficiently pled, and Plaintiff waived the claim when she failed to discuss this issue in response to Defendants' motion to dismiss.

Second, Count XI states that Defendant LCSD breached its policies and procedures in failing to promote Plaintiff. Here again, it seems unlikely that this was intended to present a state law cause of action because it fails to identify any recognized action. More significantly, the failure to follow policies (even state law), may or may not create a private cause of action, and Plaintiff fails in her Complaint, and again in her response, to identify any such causes of action she may claim. She further fails to offer any authority suggesting a private cause of action. Finally, as with Count VI, Plaintiff did not substantively respond to this portion of Defendants' motion.[9]

Even under the broadest notions of notice pleading, Plaintiff must at least state the claim for relief. In this case, the Complaint makes no reference to any identifiable state statutory or common law causes of action. Plaintiff's conclusory retort is no better. Accordingly, the Court finds that Plaintiff failed to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure with respect to any state law claims and Defendants Rule 12(b)(6) motion is therefore granted.[10]

---

[9]Plaintiff's notice letter, attached as Exhibit "B" to her Complaint, informs the LCSD that she intends to pursue specifically named federal statutory claims. However, with respect to state law claims, she generically stated her intent to pursue "any and all state law claims that she may have." No such claims were identified.

[10]As with many of these claims, Defendant offered additional grounds for granting their motion to dismiss which appear meritorious and were not directly addressed in Plaintiff's

C. <u>The Individual Defendants' Motion to Dismiss</u>

Plaintiff alleges that the Individual Defendants are liable in their individual capacities with respect to each claim except those arising under Title VII and § 1981, which were asserted against LCSD only.[11] Having found that Plaintiff's constitutional claims are due to be dismissed, only Plaintiff's Title VII claims remain. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (immunity exists unless defendants "violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Accordingly, there are no viable claims asserted against the Individual Defendants in their individual capacities, and their motion is granted.[12]

## III. Conclusion

As explained in this order, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part. The Court finds that Plaintiff has stated claims for retaliation and discrimination under Title VII against Defendant LCSD. The Individual Defendants' motion to dismiss is granted.

---

response.

[11] "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)).

[12] Plaintiff's response to the Individual Defendants [31] mistakenly relies on Mississippi Supreme Court cases that discuss the statutory appellate process for *dismissal* of certificated school employees. *See Harris v. Canton Separate Public Sch. Bd. of Educ.*, 655 So.2d 898, 901 (Miss. 1995) (citing Miss Code Ann. § 37-9-59 (Supp. 1992)). This is not a dismissal case nor an appeal. To the extent Plaintiff considers it an appeal, federal court is the wrong forum as section 37-9-59 requires appeal to a chancery court. Plaintiff's response otherwise ignores the necessary element of a protected property interest.

**SO ORDERED AND ADJUDGED** this the 21th day of April, 2009.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE