IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLOTTE HUDSON**                                                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.:  3:08cv90TSL-JCS**

**LEAKE COUNTY SCHOOL DISTRICT;
MELANIE HARTLEY, IN
HER OFFICIAL CAPACITY AS SUPERINTENDENT
OF THE LEAKE COUNTY SCHOOL DISTRICT;
PAUL CHAMBLEE, PRESIDENT LEAKE COUNTY
SCHOOL BOARD BULAS LEFLORE, JR.; BILL KING;
DEBRA PEYTON; AND RANDOLPH TRIPPE; AND MONTE
LADNER, IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT OF THE LEAKE
COUNTY SCHOOL DISTRICT; AND ROBBYE CROSBY**        **DEFENDANTS**

<u>**JURY TRIAL REQUESTED**</u>

<u>**AMENDED COMPLAINT/ COMPLAINT**</u>

**COMES NOW** the Plaintiff, Charlotte Hudson (hereinafter "Plaintiff Hudson" or "Plaintiff"), by and through counsel, and files this, her "Complaint," against the Defendants, Leake County School District (hereinafter "Defendant LCSD" or "Defendant"); Melanie Hartley (hereinafter "Defendant Hartley") in her official capacity as Superintendent of the Leake County School District; Paul Chamblee, President Leake County School Board; Bulas Leflore, Jr.; Bill King; Debra Peyton; Randolph Trippe; Monte Ladner, in his official capacity as Superintendent of the Leake County School District; and Robbye Crosby and would show unto the Court the following, to wit:

1. Plaintiff Hudson charges that this is an action for declaratory relief and damages to redress deprivation of property interest by failing to promote her or hire her for the position of <u>Special Education Supervisor</u> with the Defendant LCSD. Certain Defendants have engaged in a pattern and practice of racial discrimination in the LCSD and have failed and refused to engage

in the hiring of African Americans such as Plaintiff Hudson in a fair and impartial manner, thus resulting in racial discrimination in the hiring of faculty and administrators of the LCSD.

2.  Plaintiff Hudson charges Defendant LCSD with unlawful employment practices on the basis of racial and sexual discrimination in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"); and 42 U.S.C. § 1981, the Civil Rights Act of 1991, as amended (hereinafter "Section 1981").

3.  Plaintiff Hudson further charges that the acts and conduct of Defendant LCSD constituted certain claims for which she was provided "Notice" pursuant to the provisions of Section 11-46-11 of the Mississippi Code of 1972, Annotated.

4.  Plaintiff Hudson seeks the remedies available to her in equity at and law against Defendants LCSD et al and in particular for retaliation she has suffered as a result of the questioning the selection process, thus causing her to suffer emotional distress as a result of her seeking a position for which she was entitled to be promoted or selected by the Defendant LCSD.

5.  Plaintiff Hudson in February 2008 and after the filing of her first charge of discrimination and retaliation that is the subject of this lawsuit, make application Special Education Supervisor ("SPED") position with the Defendant, LCSD. At this time School Board member, Defendant Payton had been replaced with Defendant Ronnie Crosby; and Superintendent Defendant Hartley had been replaced by Defendant Monte Ladner with the LCSD.

## JURISDICTION

6.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201 and 42 U.S.C. § § 1983, 1985, 1986 and 1988 and denial of due process of the First and

Fourteenth Amendments of United States Constitution. Plaintiff's claims for declaratory relief arise under 28 U.S.C. §§ 2201 and 2202. Jurisdiction over the state law claims of Plaintiff Hudson is a way of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Charlotte Hudson is a Black female adult resident citizen of Leake County, Mississippi, residing at 2992 Old Walnut Grove Road, Walnut Grove, Mississippi 39189.

8. Defendant Leake County School District ("LCSD"), at all relevant times herein mentioned, has continuously been and is now an employer in the City of Carthage, State of Mississippi and is engaged in the industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C., Section 2000e-(b), (g) and (h); and that Defendant LCSD, at all relevant times herein mentioned, has continuously been and is now an employer within the meaning of Title VII and 42 U.S.C. Section 1981, et seq. and may be served with process of this Court by delivering a copy of this "Complaint" and "Summons" to their attorneys James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

9. Defendant Monte Lander is an adult resident citizen of Leake County, Mississippi, is the Superintendent of the LCSD and may be served with process at his place of employment, LCSD, Department of Education, Carthage, Mississippi 39051.

10. Defendant Robbye Crosby is an adult resident citizen of Leake County, Mississippi and may be served with process at her place of residence at, 3742 Harmony Community Road, Carthage, MS 39051.

11. Defendant Paul Chamblee is an adult resident citizen of Leake County, Mississippi and may be served with process by serving his attorneys of record, James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

12. Defendant Bulas Leflore, Jr. is an adult resident citizen of Leake County, Mississippi and may be served with process by serving his attorneys of record, James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

13. Defendant Bill King is an adult resident citizen of Leake County, Mississippi and may be served with process by serving his attorneys of record, James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

14. Defendant Debra Peyton is an adult resident citizen of Leake County, Mississippi and may be served with process by serving his attorneys of record, James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

15. Defendant Randolph Trippe is an adult resident citizen of Leake County, Mississippi and may be served with process by serving his attorneys of record, James A. Keith, R. Jarrad Garner, James P. Gallenbeck, ADAMS AND REESE, LLP, 111 East Capitol Street, Suite 350, Jackson, Mississippi 39201.

16. At all material times set forth herein, Defendant LCSD acted by and through its employees and agents, including but not limited to Defendant Hartley, Defendant Ladner, Defendant Crosby, Defendant Chamblee, Defendant Leflore, Defendant King, Defendant Peyton,

and Defendant Trippe, each of whom was acting within the purpose and scope of his or her agency or employment and whose acts and conduct, as alleged herein, were known to, authorized, and ratified by Defendant LCSD and whose acts and conduct, as alleged herein, are imputed to Defendant LCSD.

**I.**

**FACTS; FIRST CHARGE OF DISCRIMINATION AND RETALIATION**

17. Plaintiff Hudson is currently a Special Education teacher with the Leake County School District (LCSD) and working at Carthage Elementary School. Plaintiff Hudson is African American and has alleged racial discrimination and retaliation against her employer and those responsible parties.

18. The LCSD submitted a "Position Available" in the LCSD with a deadline for submitting applications for the position. The person in that position prior to the opening was Kay Lucovich, a Caucasian female. Ms. Lucovich retired from the LCSD at the end of the 2006-2007 school year.

19. Plaintiff Hudson applied for the vacant position of Special Education Supervisor and was unlawfully denied the selection/promotion. Plaintiff Hudson contends that her denial was discriminatory on the basis of her race and sex.

20. Plaintiff Hudson was the most qualified applicant for the position and had prior administrative experience. Plaintiff Hudson had performed these same duties while employed with another school district. Defendants knew that Plaintiff Hudson was qualified for the position and that those selected preferentially ahead of her lacked with the experience or certification as required by the Mississippi State Department of Education.

21. Plaintiff Hudson met all the requirements for the position which included prior administrative experience, a master's degree, standard career level certification issued by the Mississippi Department of Education (MDE), a valid Mississippi license plus administrative endorsement and at least five (5) years as a teacher /practitioner in the field of special education.

22. Plaintiff Hudson had twenty five (25) years of special education experience and special education endorsements in two (2) different areas. Plaintiff Hudson also has an elementary education endorsement and kindergarten endorsement issued by the MDE, which was obtained in furthering efforts to become highly qualified in the area of special education. At the time of application, Plaintiff Hudson met all the requirements for the position.

23. The first person offered the position was a Caucasian male, Thomas G. Beard. Mr. Beard is and was a much less qualified candidate for the position. He had <u>no experience in administration</u> and the school board of the LCSD did not approve his hiring after being recommended by Defendant/Superintendent Hartley.

24. Defendant/Superintendent Harley then proceeded to submit <u>another</u> candidate for the position, a Caucasian female, Vickie Doty. Ms. Doty was much less qualified for the position as she is a behavior specialist with LCSD and she has no prior administrative experience. Ms. Doty does not have the required endorsements for special education supervisor. Ms. Doty's name was submitted to the school board of the LCSD and she was given the position on a 3-2 vote of the school board. Ms. Doty was hired over the objection of the two (2) African American members of the LCSD School Board, LeFlore and Peyton.

25. Plaintiff Hudson should have received the promotion that would have provided her with a pay increase, better retirement benefits, life insurance and would have been a supervisory position and an Administrator's position in the area of her expertise. The salary

6

annual increase would have been in excess of **$20,000.00** if Plaintiff Hudson had been selected for the position.  Furthermore the Defendants Hartley and LCSD engaged in a concerted effort to prevent Plaintiff from receiving the promotion or being hired as an Administrator on the basis of her race; and that Plaintiff Hudson was never recommended for the position despite being the most qualified candidate.  Furthermore, the Caucasian Defendants allowed the hiring of a person that was not certified for the position under Mississippi law.

26.     Defendant/Superintendent Hartley is Caucasian and both candidates are Caucasian that were recommended by her and **both** candidates failed to meet the minimum requirements for the posted position.  Neither of the candidates recommended by the Superintendent had prior administrative experience nor the standard career level endorsement as Plaintiff Hudson had through the Mississippi Department of Education.  At the time of the interview of Ms. Doty, she **did not** meet the minimum requirements to make application for the position.

27.     Plaintiff Hudson was told the reason that she did not receive the promotion was not based her application, ability or desire, but on the "selected candidate's" strength and "particular needs" of the Defendant LCSD.  This was the only explanation given for not being selected or promoted to the position of Special Education Supervisor with the Defendant LCSD.

28.     Plaintiff Hudson filed her charge of discrimination and retaliation with the EEOC and she was issued her *Notice of Suit Rights* and filed this initial action in the time and manner as required by law; and Plaintiff provided Defendant LCSD, et al of her intent to sue in **December 2007**.

29.     Defendant LCSD discriminated against Plaintiff Hudson on the basis of her race in violation of Title VII and Section 1981, in that she was subjected to, inter alia, the denial of

equal opportunity in the workplace.  As a result of said acts and conduct, Plaintiff is entitled to recover actual and compensatory damages against Defendants as well as any and all other relief available to her as provided under Title VII and Section 1981, including attorney fees and all costs incurred by her in prosecuting this claim for racial discrimination in employment that is prohibited under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. Section 1981.

30.     Defendant LCSD, et al discriminated against Plaintiff Hudson on the basis of her sex (female) in violation of Title VII; and retaliated against her for the reasons set forth herein. As a result of said acts and conduct, Plaintiff is entitled to recover actual and compensatory damages against Defendants as well as any and all other relief available to her as provided under Title VII, including attorney fees and all costs incurred by her in prosecuting this claim for sex discrimination in employment and retaliation that is prohibited under Title VII of the Civil Rights Act of 1964, as amended.

31.     Plaintiff Hudson would show that the Defendant LCSD breached the polices and procedures of the LCSD in failing to promote or hire her for the sought position and that as a result of the breach of those policies and procedures, the Defendant LCSD is liable for said breach and the resulting damages of Plaintiff Hudson incurred by her as a result of the acts and conduct of the Defendants as well as the failure to pay Plaintiff Hudson the salary for the sought position for the 2007-08 school year.  The policies and procedures of the "District" provide that the most qualified candidate be selected regardless of, *inter alia*, race, sex and color; and that the LCSD does not discriminate based upon race and sex but is an equal opportunity employer.

## II.

## FACTS; SECOND CHARGE OF DISCRIMINATION AND RETALIATION

32. Ms. Hartley was the former Superintendent of Leake County School District (LCSD) until December 31, 2007. Mr. Monte Ladner began his term as the new Superintendent in January 2008. Mr. Ladner was the Superintendent at the time of the opening of the position for which I sought promotion. I interviewed with Mr. Ladner for the open position although he recommended Ms. Atkins to be hired for the position rather than me.

33. Defendant Crosby replaced Defendant Payton on the school board of the Defendant, LCSD after the Defendant LCSD was aware of Plaintiff's intent to sue over her first charge filed with the EEOC.

34. Plaintiff is currently still a Special Education teacher with the LCSD and works at Carthage Elementary School. Plaintiff has been a teacher/practitioner with the LCSD school system for a total of twenty-one (21) years and was previously employed with the Attala County School District (ACSD) as Director of Special Education. Plaintiff has experience in the field of Special Education for a period of twenty-six (26) years.

35. Plaintiff's evaluations have been very positive and she has received the standard pay increases during her employment with the LCSD. Defendants could not have denied Plaintiff the promotion based on her work performance when selecting the Special Education Supervisor with the LCSD.

36. The LCSD submitted a "Position Available" in the LCSD with a deadline for submitting applications for this position. The person in that position prior to this opening was Vicki Doty, a Caucasian female. Ms. Doty resigned at the end of (2007-2008), her first year.

37. Plaintiff applied **again** for the vacant position of Special Education Supervisor, and was again denied the promotion/selection. Plaintiff was clearly the most qualified individual again for the position, although she was not hired. Plaintiff believes that her race, African American was a motivating factor and she was <u>not promoted</u> to the position in retaliation for having previously filed a charge of discrimination and lawsuit against Defendants. Defendants violated Title VII by retaliating against Plaintiff for having engaged in a protected activity especially considering that she was correct about the allegations in the **first charge of discrimination** in that the person selected by the Superintendent and LCSD, (Ms. Doty) **<u>did not</u>** meet the minimum qualifications for the position for which she was hired.

38. The person who was hired for the position this time was a Caucasian female, Tina Atkins. Ms. Atkins also does not have qualifications that would be comparable to Plaintiff. Although, Ms. Atkins may have met minimum qualifications for the vacant position she was not as qualified as Plaintiff; and Ms. Atkins did not have supervisory experience in Special Education. Plaintiff had served in a supervisory position in Special Education.

39. Both times, Caucasian candidates were selected for the SPED position with less qualifications than Plaintiff.

40. The reason that Plaintiff was told that she did not receive the recent promotion ($15,000.00-20,000.00 pay increase) was not based on her application, ability or desire but on the selected candidate's "strength" and "particular needs" of the LCSD. This is the only explanation given for her not being selected or promoted to the position of Special Education Supervisor with the LCSD. Plaintiff believes that her rejection for the position was retaliatory and discriminatory.

41.     Plaintiff Hudson seeks any and all relief entitled under Title VII including the **promotion** to the position of Special Education Supervisor with the LCSD, a position that has twice been unlawfully denied me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended. Furthermore, Plaintiff was denied selection/promotion to this position due to retaliation for having brought her charge and civil action against the Defendants.

## MIXED MOTIVE

42.     Plaintiff Hudson also contends that, in the alternative, that she was not promoted and subjected to discrimination and retaliation on the basis of "**mixed motive.**" Plaintiff Hudson contends that because of the multiple claims alleged in the *Amended Complaint*, in the event that she does not prove, as she contends she can, that the Defendant's alleged non-discriminatory reason for its action was pretexual and unworthy of belief, that she should would show that **BOTH** legitimate and **illegitimate** reasons motivated the employment action.

43.     Plaintiff Hudson can rebut the "alleged" legitimate, non-discriminatory, non-retaliatory reason ("LNR") of Defendants. However, the "**mixed motive**" argument should be allowed as espoused in *Price Waterhouse v. Hopkins* 490 U.S. 228 (1989).

44.     In *Desert Palace, Inc. v. Costa* 539 U.S. 90 (2003) 299 F.3d 838, the United States Supreme Court held that a Title VII plaintiff need not offer "direct evidence" of discrimination to earn a mixed-motive jury instruction at trial.

45.     Plaintiff would show that the reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Rogers* v. *Missouri Pacific R. Co.,* 352 U.S. 500, 508, n. 17 (1957).

46. In *Costa*, the Supreme Court clarified that mixed-motive plaintiffs need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that **race**, color, religion, sex, or national origin was a motivating factor for the contested employment practice. In reaching this holding, the Court expressly rejected the heightened "direct evidence" standard, previously embraced by the Fourth Circuit and others. Instead, the *Costa* Court concluded that plaintiffs could use direct or circumstantial evidence to make the showing necessary to merit a **mixed-motive** instruction.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** based on the foregoing allegations, Plaintiff Hudson requests this Court to assume jurisdiction over this cause, and upon a hearing of the merits in this cause, grant the following relief:

a. Order Defendants to promote Plaintiff Hudson to the <u>Special Education Supervisor</u> position, free from all reprisals, with full back pay and benefits as a result of her placement in the sought position of Special Education Supervisor;

b. Award Plaintiff Hudson a judgment against Defendants jointly and severally in the amount of $1,500,000.00 for her actual and compensatory damages to which she is entitled for injury, damage, and loss suffered as a result of Defendants' acts and conduct;

c. Award Plaintiff Hudson compensatory damages against Defendants in the amount of $1,500,000.00;

d. Award Plaintiff Hudson all costs and attorney's fees as provided by under applicable Federal Law; and

e. Order Defendant LCSD, its officers, agents, employees, successors, assigns, and all persons in active concert or participation with them, and the individual Defendants named

herein from engaging in any acts to damage the reputation of Plaintiff Hudson; and to prevent and preclude the Defendants from denying other African American candidates for administrative positions with the LCSD on the basis of race.

    f.    Award Plaintiff Hudson all such other and further relief as may be necessary and proper and to which she is otherwise entitled.

    **RESPECTFULLY SUBMITTED**, this the 22nd day of December, 2009.

        **CHARLOTTE HUDSON, PLAINTIFF**

        **/s/   John M. Mooney, Jr.**
        **BY:   JOHN M. MOONEY, JR.,**
               **HER ATTORNEY**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
1855 Lakeland Drive, Suite G-20
Post Office Box 55767
Jackson, Mississippi 39296
Telephone: (601) 981-9555
Facsimile: (601) 981-7922
MBIN: 3431

## REQUEST FOR TRIAL BY JURY

    **COMES NOW** the plaintiff, Charlotte Hudson, by and through counsel, and respectfully requests this Court to grant her a trial by a jury of her peers.

    **RESPECTFULLY SUBMITTED**, this the 22nd day of December, 2009.

        **/s/   John M. Mooney Jr.**
        **JOHN M. MOONEY, JR.**

## **CERTIFICATE OF SERVICE**

I, John M. Mooney, Jr., Counsel for Plaintiff, do hereby certify that I electronically filed the foregoing *Amended Complaint/ Complaint* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

James A. Keith, Esq.
R. Jarrad Garner, Esq.
James P. Gallenbeck, Esq.
ADAMS AND REESE, LLP
111 East Capitol Street, Suite 350
P.O. Box 24297
Jackson, Mississippi  39225-4297
Telephone: (601) 353-3234
Fax: (601) 355-9708

**SO CERTIFIED,** this the 29th day of December, 2009.

    /s/ John M. Mooney, Jr.
**JOHN M. MOONEY, JR.**